(87 South. 195)

## ALABAMA CITY, G. & A. RY. CO. v. AVENUE BANK & TRUST CO. (7 Div. 36.)

(Supreme Court of Alabama. Oct. 28, 1920.)

1. **Appeal and error** ⟜1050(2) — **Railroads** ⟜179 — **Testimony of city population increase irrelevant in action on railroad's subscription notes, and prejudicial.**

In an action against a railroad on a subscription note signed by its president to induce removal of a steel plant from one point to another, evidence as to an increase in population of a city since removal of the plant, etc., *held* irrelevant and prejudicial; the admission of such testimony not being justifiable as in support of the pleas of ultra vires or failure of consideration.

2. **Pleading** ⟜101—**Plea in action on note not in abatement but in bar.**

In an action against a railroad company on a subscription note signed by its president to procure removal of a steel plant from one point to another, plea setting up indorsement of the note in blank by trustees to plaintiff bank without actual payment of consideration, and that after the note fell due plaintiff bank charged the same back to the trustees in satisfaction of deposit, and delivered the note to them, etc., *held* not a plea in abatement, but one in bar of plaintiff's right of recovery.

Appeal from Circuit Court, Etowah County; O. A. Steel, Judge.

Action by the Avenue Bank & Trust Company against the Alabama City, Gadsden & Attalla Railway Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

This cause was tried upon count 2 which declared on a promissory note executed by the defendant, payable to Kyle and Hollingsworth, trustees, which note was payable at the First National Bank of Gadsden within 12 months after date, and was, for valuable consideration, transferred in blank by said Kyle and Hollingsworth to plaintiff before its maturity. The defendant pleaded the general issue, want of consideration and failure of consideration, ultra vires, and by consent of counsel any other plea in bar not required to be sworn to. Upon submission of the cause to the jury, there was verdict for the plaintiff, and from the judgment rendered

thereon the defendant prosecutes this appeal.

Defendant also filed several special pleas, among them, plea 15, which was duly sworn to, and is as follows:

"And for further plea on this behalf to the plaintiff's complaint, as amended, the defendant says that T. S. Kyle and E. T. Hollingsworth, trustees, indorsed the note sued on in blank, and delivered the same to the plaintiff, and the plaintiff gave the said Kyle and Hollingsworth credit for the said note as a deposit, but did not pay over any of the consideration to them, and after the said note fell due the plaintiff charged the same back to the said Kyle and Hollingsworth in satisfaction of said deposit, and delivered said note to the said Kyle and Hollingsworth, and plaintiff had no interest in the note at the time of the bringing of the suit; it having prior to the time charged the same to the account of the said Kyle and Hollingsworth and delivered the said note to them."

Plaintiff made a motion to strike this plea upon the ground that it was a plea in abatement, and had not been filed in time. The motion to strike was sustained.

Goodhue & Brindley, Dortch & Allen and Disque & Disque, all of Gadsden, for appellant.

The defense was in bar and not in abatement, and the court erred in striking the plea, but should have put the plaintiff to his demurrer. 169 Ala. 295, 53 South. 826. The pleas were capable of amendment. 158 Ala. 191, 48 South. 510, 132 Am. St. Rep. 20; 143 Ala. 222, 38 South. 851; section 5340, Code 1907. If this defense was available under the pleas in short by consent, then the court was in error in not allowing, the defendant to introduce evidence establishing the pleas. Authorities supra. The court clearly erred in admitting evidence of the increase in travel over the defendant line and in the population in Wills Valley. 61 Ala. 139; 131 Ill. 482, 23 N. E. 626; 135 Ill. 119, 25 N. E. 762; 56 Hun, 639. The court misconceived the contract as to the removal of the mill from Ensley to Gadsden, and therefore erred in its general charge. 39 Fla. 575, 23 South. 10; 30 Fla. 612, 12 South. 326; 94 Pa. 324; 57 Iowa, 701, 11 N. W. 674; 19 How. 224, 15 L. Ed. 626; 127 Ala. 504, 29 South. 31; 13 C. J. 693; 166 Ky. 108, 178 S. W. 1170.

P. E. Culli, W. J. Boykin, and O. R. Hood, all of Gadsden, for appellee.

The plea was a plea in abatement and was properly stricken. 1 Enc. 11; 21 How. 223, 16 L. Ed. 96; 159 Iowa, 571, 141 N. W. 401, 45 L. R. A. (N. S.) 1098; 115 N. Y. 22; 1 Allen (Mass.) 213; 6 Smedes & M. 641, 45 Am. Dec. 293; 65 Or. 299, 130 Pac. 979; 177 Ala. 332, 58 South. 313, Ann. Cas. 1915A, 987. The note was payable at a bank, and suit

---

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

could have been brought on it in the name of the holder of the legal title. 202 Ala. 552, 81 South. 54; 106 Ala. 636, 17 South. 628. In any event the trustees had the right to prosecute the suit to judgment in the name of the appellee. 93 Ala. 173, 9 South. 736; 82 Ala. 384, 2 South. 895; 49 Ala. 207; 49 Ala. 253. Therefore the suit neither set up abatement or bar, nor any other defense for the action. It follows, therefore, that the evidence sought to be introduced was irrelevant. The other matters insisted upon have all been decided contrary to appellant's contention in the case of Alabama City, G. & A. Ry. Co. v. Kyle and Hollingsworth, 202 Ala. 552, 81 South. 54, decided by this court.

GARDNER, J. This is a companion case to that of Alabama City, Gadsden & Attalla Railway Co. v. Kyle & Hollingsworth, Trustees, ante, p. 597, 87 South. 191, and this day decided.

The note sued on in this case was executed by the appellant in performance of the same contract, and grew out of the same transaction involved in the Kyle & Hollingsworth Case, supra, which latter case has previously been before this court, and is found reported as Alabama City, Gadsden & Attalla Ry. Co. v. Kyle, 202 Ala. 552, 81 South. 54.. A full understanding of the transaction resulting in the execution of the note in the instant case may therefore be had by reference to the statement of the case found in report above referred to, and need not be here repeated.

[1]. In the case of Alabama City, Gadsden & Attalla Ry. Co. v. Kyle & Hollingsworth, Trustees, mentioned above, and this day decided, it was held that the evidence offered by the plaintiff as to the increase in population at Gadsden since the removal of the steel plant, as well as the increase in travel on defendant's car line and the use of its electric lights, was irrelevant, and should not have been admitted. What is said as to the admissibility of this testimony is entirely applicable to the instant case, where practically the same evidence is offered over the repeated objections of the defendant. We think there can be little doubt of its prejudicial nature, and that its admission constitutes reversible error. The concluding observation of this court in the Kyle & Hollingsworth Case, supra, to the effect that reversal could not be rested upon that ruling for the reason at the time the rulings were made the court was not in a position to say that defendant's pleas might not, on the evidence be so presented as to make proof of these facts admissible, is without application to the instant case, for the reason that this evidence was offered by the plaintiff near the close of the trial of the cause, and in rebuttal, and at a time when the issues were very clearly formed and understood by the court. Upon the record in this case, therefore, the evidence was clearly inadmissible, and no reason appears why a reversal should not result.

The other questions which are common to this case, and considered in the Kyle & Hollingsworth Case, supra, are there sufficiently treated, and need no further consideration here.

[2] It is insisted by counsel for appellant that error was also committed by the court in striking plea 15, which appears in the statement of the case. The plea was stricken on the theory that it was a plea in abatement, and came too late. Such, however, is not the plea. It sets up the indorsement of the note in blank by Kyle and Hollingsworth, trustees, to the plaintiff—the latter giving them credit for the note as a deposit, but no actual payment of consideration—and that after the same fell due the plaintiff charged the same back to Kyle and Hollingsworth in satisfaction of the deposit, and delivered the note to them, concluding as follows:

"And plaintiff had no interest in the note at the time of the bringing of the suit; it having prior to the time charged the same to the said Kyle and Hollingsworth, and delivered the note to them."

The note, being indorsed in blank, was negotiable by delivery, and the facts set up in this plea disclose therefore that at the time of the commencement of this suit the plaintiff was neither the beneficial owner thereof, nor in fact had any title thereto. Under the averments of this plea, therefore, plaintiff was without any interest in the subject-matter of this suit at the time the same was brought, and the plea was not one in abatement, but a plea in bar of plaintiff's right of recovery. Martin v. Powell, 200 Ala. 46, 75 South. 358; 31 Cyc. 169; 1 Corp. Jur. 28; 2 Bouvier's Law Dict. (15th Ed.) 418.

Nor can it be contended that the defendant received the benefit of this plea in proof which was admitted, as the testimony offered by the defendant tending in support thereof was rejected by the court.

The judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.